**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| **JOHNNY GAONA**<br>*Plaintiff,*<br><br>v.<br><br>**DOLLAR GENERAL CORPORATION**<br>*Defendants.* | §<br>§<br>§<br>§     **CASE NO. 7:20-cv-00001**<br>§<br>§<br>§ |

**DEFENDANT DOLGENCORP OF TEXAS, INC'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant DOLGENCORP OF TEXAS, INC. ("incorrectly named as Dollar General Corporation") hereby removes this lawsuit which is currently pending in the County Court at Law No. 1 of Hidalgo County, Texas, Cause No. CL-19-5406-A, to the United States District Court for the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

## I.  BACKGROUND

1.   On October 18, 2019, Plaintiff filed his Original Petition styled *Johnny Gaona v. Dollar General Corporation,* in the County Court at Law No. 1 of Hidalgo County, Texas, Cause No. CL-19-5406-A in which Plaintiff seeks to recover damages for personal injuries.  *See* Exhibit A, Plaintiffs' Original Petition.

2.   Plaintiff served Dolgencorp of Texas, Inc. (hereinafter referred to as "Dollar General") with Plaintiff's Original Petition on December 11, 2019, by certified mail on its registered agent, Corporation Service Company ("CSC").  *See* Exhibit B, Service of Process.

3.   Plaintiff asserts causes of action for negligence, negligent supervision, and negligent

{00564027}

training against Dollar General.  *See* Exhibit A. at pgs. 2–3, § 6.

4.      Plaintiff has demanded a jury trial.  *Id*. at pg. 4, § 10.

5.      Defendant Dollar General has not answered the suit in state court.

6.      Plaintiff affirmatively pleads the value of the case is over $200,000.00, but not more than $1,000,000.00.  *See Id*. at pg. 5, § XIII

7.      The State Court's Record Search including Case History for this matter is attached herein.  *See* Exhibit C, State Court History Docket Sheet.

## II.      GROUNDS FOR REMOVAL

8.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A. Parties are Diverse

9.      Plaintiff is a natural person who resides in Hidalgo County, Texas. *See* Exhibit A at pg. 1, § 2.  Plaintiff has not pled any other facts of his residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Defendant Dollar General asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.  *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

10.     As to Defendant Dollar General, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Dollar General is a foreign corporation incorporated under the laws of the State of Kentucky and its principal place of business is at 100 Mission Ridge, Goodlettsville, Tennessee 37072.  Accordingly, Dollar General is a citizen of

Kentucky and Tennessee, and not a citizen of Texas. *Id.*

### B. Amount in Controversy

11. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

12. Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff's Original Petition states:

> The damages sought by Plaintiff are within the jurisdictional limits of this. court. Plaintiff; seeks only monetary relief aggregating more than $200,000 but less than $1 million, including other damages of any kind.

*See* Exhibit A at pg. 4, § 8.

13. Based on the foregoing, the amount in controversy clearly exceeds $75,000.00.

### III. REMOVAL IS PROCEDURALLY PROPER

14. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

15. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

17. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy

of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

18. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A and Exhibit B.

19. A list of counsel of record is attached as Exhibit D.

### IV.   PRAYER FOR RELIEF

20. WHEREFORE PREMISES CONSIDERED, Defendant DOLGENCORP OF TEXAS, INC. requests the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

  */s/ Brendan T. Villanueva*
**Jose "J.J." Treviño**
State Bar No. 24051446
Federal I.D. No. 1076595
jtrevino@valdeztrevino.com
**Brendan T. Villanueva**
State Bar No. 24086960
Federal Bar No. 3112270
bvillanueva@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 6th day of January 2020, pursuant to Rule 21a, Texas Rules of Civil Procedure, via electronic service:

Ezequiel Reyna, Jr.
Zachary A. Zapata
LAW OFICES OF EZEQUIEL REYNA, JR., P.C.
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
*Counsel for Plaintiff*

    */s/ Brendan T. Villanueva*
**Brendan T. Villanueva**